# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| KARI EGBERS : | |
| c/o Goldenberg Schneider, LPA : | Case No. 1:16-cv-732 |
| One West Fourth Street, 18th Floor : | |
| Cincinnati, OH 45202 : | |
| : | Judge: |
| and : | |
| : | |
| STEPHANIE WILLIAMS : | |
| c/o Goldenberg Schneider, LPA : | CLASS ACTION COMPLAINT |
| One West Fourth Street, 18th Floor : | WITH JURY DEMAND |
| Cincinnati, OH 45202 : | |
| : | |
| On Behalf of Themselves and All Others : | |
| Similarly Situated, : | |
| : | |
| Plaintiffs, : | |
| : | |
| vs. : | |
| : | |
| SENIOR LIFESTYLE CORPORATION : | |
| 303 East Wacker Drive : | |
| Suite 2400 : | |
| Chicago, IL 60601 : | |
| : | |
| Defendant. : | |

Plaintiffs, Kari Egbers ("Egbers") and Stephanie Williams ("Williams") (collectively, "Plaintiffs"), by and through their undersigned counsel, and in support of this Class Action Complaint, hereby plead and aver as follows:

## I.     INTRODUCTION

1.     In 2015, Defendant Senior Lifestyle Corporation ("Defendant" or "SLC") collected payroll deductions from Plaintiffs and their fellow employees ("Employee Contributions") for health insurance coverage under the Senior Lifestyle Corporation Employees Medical Plan (the

"Plan"). However, at some point in 2015, SLC failed to remit the Employee Contributions so withheld to Key Benefits Administrators, Inc., the third-party administrator of the Plan. Defendant also failed to remit the amounts of health insurance premiums it owed to Key Benefits Administrators, Inc. ("Employer Contributions"). As a result of SLC's failure to remit the Employee Contributions and the Employer Contributions (collectively "Premiums"), the Plan's health insurance coverage lapsed during 2015.

2. Plaintiffs each were pregnant during the period when the Plan's coverage lapsed due to SLC's failure to tender Premiums, and each incurred substantial medical costs that would have otherwise been paid, at least in part, by the Plan.

## II. THE PARTIES

3. Egbers is a resident and citizen of Monroe, Ohio. She was an employee of SLC during the relevant time period, and was a participant in the Plan during 2015.

4. Williams is a resident and citizen of Mason, Ohio. She is an employee SLC, and was a participant in the Plan during 2015.

5. Defendant is an Illinois corporation with its headquarters and principal place of business located at 303 East Wacker Drive, Suite 2400, Chicago, IL 60601.

6. Defendant operates over 100 independent, assisted, and memory communities across the United States, and has thousands of employees who participate in the Plan.

7. At all relevant times, SLC was the Plan's sponsor within the meaning of § 3(16)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(16)(B); was the employer of the Plan participants; was a named fiduciary within the meaning of ERISA § 402, 29 U.S.C. § 1102; and was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A),

29 U.S.C. § 1002(21)(A).

### III. JURISDICTION AND VENUE

8. Plaintiffs seek relief on behalf of themselves and all others similarly situated pursuant to ERISA's civil enforcement remedies with respect to fiduciaries and other interested parties under ERISA § 409, 29 U.S.C. §§ 1109 and 1132.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and ERISA § 502(e)(1)-(2), 29 U.S.C. § 1132(e)(1)-(2).

10. Venue is proper in this judicial district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391, because the breach of fiduciary duty with respect to Plaintiffs occurred, at least in substantial part, in this judicial district.

### IV. BACKGROUND FACTS

11. Upon information and belief, the Plan was established in 2002 by SLC to provide health insurance benefits to its employees and their dependents.

12. At all relevant times, SLC withheld Employee Contributions from Plaintiffs' pay and its employees' pay for remittance to the Plan. Upon information and belief, at all relevant times, these Employee Contributions were retained in SLC's corporate bank account until they were remitted to the Plan's third-party administrator, Key Benefit Administrators, Inc.

13. At all relevant times, SLC was responsible for causing Employee Contributions and Employer Contributions to be remitted to Key Benefit Administrators, Inc.

14. At some point in 2015, SLC failed to remit Premiums to Key Benefit Administrators, Inc. SLC's failure to remit these Premiums caused the Plan's health insurance

coverage to lapse, and caused Plaintiffs and other similarly situated employees to lose their health insurance coverage for a portion of 2015.

15. During the period of time that the Plan's coverage lapsed, Egbers was pregnant and, in connection with that pregnancy, incurred approximately $2,500 in medical expenses that should have been covered by the Plan.

16. During the period of time that the Plan's coverage lapsed, Williams was pregnant and gave birth to a child and, in connection with that birth and ensuing medical complications, incurred medical expenses of approximately $400,000 that should have been covered by the Plan.

17. Similarly, during the period of time that the Plan's coverage lapsed, thousands of Defendant's employees (1) paid for health insurance coverage that was never provided; and (2) incurred medical expenses that should have been at least partially covered by the Plan.

## V. CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, as members of the proposed class ("Class"), defined as follows:

> All current and former participants or beneficiaries of the Senior Lifestyle Corporation Employees Medical Plan whose health insurance coverage lapsed on or after July 5, 2010 due in whole or in part to Defendant's failure to remit Premiums to fund the Plan.

19. **Numerosity**. Plaintiffs are informed and believe that there are at least thousands of Class members throughout the United States. As a result, the members of the Class are so numerous that their individual joinder in this action is impracticable.

20. **Commonality**. There are numerous questions of fact and/or law that are common to Plaintiffs and all the members of the Class, including, but not limited to the following:

(a) whether Defendant acted as a fiduciary under ERISA in connection with the conduct described herein;

(b) whether Defendant breached its fiduciary duties under ERISA by failing to remit Premiums to fund the Plan;

(c) whether Defendant engaged in prohibited transactions by, *inter alia*, converting the Premiums for its own benefit; and

(d) whether and what form of relief should be afforded to Plaintiffs and the Class.

21. **Typicality**. Plaintiffs are members of the Class and have claims that are typical of all Class members. Plaintiffs' claims and all of the Class members' claims arise out of the same uniform course of conduct by Defendant and arise under the same legal theories that are applicable as to all other members of the Class.

22. **Adequacy of Representation**. Plaintiffs will fairly and adequately represent the interests of the members of the Class. Plaintiffs have no conflicts of interest with or interests that are any different from the other members of the Class. Plaintiffs have retained competent counsel experienced in class action and other complex litigation, including class actions under ERISA.

23. **Predominance**. Common questions of law and fact predominate over questions affecting only individual Class members, and the Court and parties will spend the vast majority of their time working to resolve these common issues. Indeed, virtually the only individual issues of significance will be the exact amount of damages recovered by each Class member, the calculation of which ultimately will be a ministerial function that poses no bar for class certification.

24. **Superiority**. A class action is superior to all other feasible alternatives for the

resolution of this matter. Many of the Class members are unaware of Defendant's breaches of fiduciary duty and prohibited transactions such that they will never bring suit individually. Furthermore, even if they were aware of the claims they have against Defendant, the claims of the many Class members would be too small to economically justify individual litigation. Finally, individual litigation of multiple cases would be highly inefficient, a gross waste of the resources of the courts and of the parties, and potentially could lead to inconsistent results that would be contrary to the interests of justice.

25. **Manageability**. This case is well suited for class treatment and can easily be managed as a class action since evidence of both liability and damages can be adduced, and proof of liability and damages can be presented, on a class wide basis, while the allocation and distribution of damages to Class members would be essentially a ministerial function.

## COUNT I

### (For Breach Of Fiduciary Duty)

26. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

27. Defendant is a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(a), as explained above, as well as because it is a named fiduciary and a sponsor of the Plan, and is a fiduciary based on the exercise of its discretion, authority, and/or control with respect to the management of the plan and/or the disposition of its assets, as well as the discretionary authority and responsibility that Defendant has with respect to the administration of the Plan.

28. During 2015, Defendant withheld at least hundreds of thousands of dollars from its

employees' pay as Employee Contributions to the Plan, but failed to remit the amounts so withheld to Key Benefits Administrators, Inc., the third-party administrator of the Plan. Defendant also failed to remit the Employer Contributions owed to Key Benefits Administrators, Inc.

29. By the conduct described above, Defendant:

    A. violated ERISA § 403(a) and (c)(1), 29 U.S.C. §1103(A) and (c)(1), which provide that all assets of an employee benefit plan shall be held in trust and never inure to the benefit of the employer;

    B. violated ERISA § 404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A), by failing to act solely in the interest of the participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration; and

    C. as detailed below, violated ERISA § 406, 29 U.S.C. § 1106, by engaging in prohibited transactions that also are *per se* breaches of fiduciary duty under ERISA § 404.

30. As a direct result of Defendant's breaches of duties as described above, Plaintiffs and the Class have suffered losses and damages including, *inter alia*, the loss of benefits due under health insurance coverage and/or premiums paid for non-existent health insurance coverage.

31. Pursuant to ERISA § 409, 29 U.S.C. § 1109, and ERISA § 502(a), 29 U.S.C.. § 1132(a), Defendant is liable to Plaintiffs and the Class members for the losses they have suffered as a result of Defendant's breaches of fiduciary and related duties, and is liable for damages and any other available equitable or remedial relief, including prospective injunctive and declaratory relief, attorneys' fees, costs, and other recoverable expenses of litigation.

## COUNT II

**(For Breach Of Fiduciary Duty And Violation Of ERISA's Prohibited Transaction Rules)**

32. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

33. By the conduct described above, Defendant:

    A. violated ERISA § 406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D), by causing the Plan to engage in transactions which Defendant knew, or should have known, constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan;

    B. violated ERISA § 406(b)(1), 29 U.S.C. §1106(b)(1), by dealing with assets of the Plan in Defendant's own interest and/or for its own account;

    C. violated ERISA § 406(b)(2), 29 U.S.C. §1106(b)(2), by acting on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries; and

    D. violated ERISA § 406(b)(3), 29 U.S.C. §1106(b)(3), by receiving consideration for its own account from a party dealing with the Plan and/or in connection with a transaction involving the assets of the Plan.

34. Because Defendant engaged in the above-described prohibited transactions, Plaintiffs and the Class are entitled to all equitable or remedial relief as the Court may deem appropriate and just, as well as the remedies of disgorgement and restitution as may be appropriate.

## COUNT III

### (For Co-Fiduciary Breach And Liability For Knowing Breach Of Trust)

35. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

36. In the alternative, to the extent that Defendant is not deemed a fiduciary or co-fiduciary under ERISA, Defendant is liable to Plaintiffs and the Class for all recoverable damages and relief as a non-fiduciary that knowingly participated in a breach of trust.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, demand judgment against Defendant for the following relief:

(a) Disgorgement, restitution, and/or damages as set forth above, plus any and all other equitable or remedial relief as the Court may deem appropriate pursuant to ERISA §§ 409(a) and 502(a), 29 U.S.C. §§ 1109(a) and 1132(a);

(b) Pre-judgment and post-judgment interest at the maximum permissible rates, whether at law or in equity;

(c) Attorneys' fees, costs, and other recoverable expenses of litigation; and

(d) Such further and additional relief to which Plaintiffs and the Class may be justly entitled and the Court deems appropriate and just under all of the circumstances.

### NOTICE PURSUANT TO ERISA § 502(h)

To ensure compliance with the requirements of ERISA § 502(h), 29 U.S.C. § 1132(h), the undersigned hereby affirms that, on this date, a true and correct copy of this Complaint was served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, return receipt requested.

Dated: July 5, 2016              Respectfully submitted,

                                                    /s/Jeffrey S. Goldenberg
Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Goldenberg Schneider LPA
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
Email: jgoldenberg@gs-legal.com
       tnaylor@gs-legal.com

James E. Miller (pro hac to be filed)
Laurie Rubinow (pro hac to be filed)
Shepherd Finkelman Miller
 & Shah, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jmiller@sfmslaw.com
       lrubinow@sfmslaw.com

Attorneys for Plaintiffs
and the Proposed Class

## ENDORSEMENT FOR JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

>     Respectfully submitted,
>
>     /s/Jeffrey S. Goldenberg
>     Jeffrey S. Goldenberg (0063771)
>     Todd B. Naylor (0068388)
>     Goldenberg Schneider LPA
>     One West Fourth Street, 18th Floor
>     Cincinnati, Ohio 45202
>     Telephone:   (513) 345-8291
>     Facsimile:   (513) 345-8294
>     Email: jgoldenberg@gs-legal.com
>            tnaylor@gs-legal.com