UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KARI EGBERS AND STEPHANIE WILLIAMS, On behalf of Themselves and All Others Similarly Situated | Case No. 1:16cv732 |
| | Judge Michael R. Barrett |
| Plaintiffs, | |
| v. | |
| SENIOR LIFESTYLE CORPORATION, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 6). Plaintiffs have filed a response (Doc. 19) and Defendant has filed a reply (Doc. 21).

**I.     BACKGROUND**

For purposes of this Motion, the facts alleged in Plaintiffs' Amended Complaint are accepted as true. Defendant operates over 100 independent, assisted and memory communities across the United States. (Doc. 5, ¶ 8). In 2002, in order to provide health insurance coverage to its employees, Defendant established the Senior Lifestyle Corporation Employees Benefit Plan (the "Plan"). (Id. at ¶ 13). The Plan is self-funded by Defendant. (Id. at ¶ 2). To fund the Plan, Defendant collected payroll deductions from their employees, including Plaintiffs. (Id. at ¶ 14). While Defendant serves as the plan's sponsor and administrator, Key Benefits Administrators, Inc. ("KBA") is the third-party administrator of the Plan. (Id. at ¶¶ 2-3). The Employee Contributions deducted from payroll were retained in Defendant's corporate bank account until

they were remitted to KBA. (Id. at ¶ 14). In 2015, Defendant failed to remit Employee Contributions to fund the Plan. (Id. at ¶¶ 15-16). According to Plaintiffs, Defendant also failed to remit Employer Contributions to KBA. (Id. at ¶ 3).

Plaintiffs were both pregnant during the relevant time period. (Id. at ¶¶ 18-19). Because Defendant failed to provide adequate funds to pay Plaintiffs' related medical claims, KBA did not pay the claims. (Id. at ¶ 17). As a result, Plaintiffs allege that during the relevant time period, the Plan's coverage lapsed and thus, Plaintiffs paid for health insurance coverage that was not provided and incurred medical expenses that should have been covered by the Plan. Plaintiffs allege Egbers specifically incurred approximately $2,500 in medical expenses. (Id. at ¶ 18). Plaintiffs allege Williams incurred approximately $400,000 in medical expenses. (Id. at ¶ 19).

Plaintiffs further allege they were told for months by Defendant that they were working to fix the "2015 KBA claims issue" and that the 2015 claims would eventually be paid. (Id. at ¶ 24). The claims remain unpaid by Defendant. According to Plaintiffs, they are being pursued by professional debt collectors for the unpaid medical bills. (Id. at ¶ 26).

As result, Plaintiffs filed the instant action on behalf of themselves and all others similarly situated, alleging violations under the Employment Retirement Income Security Act of 1974 ("ERISA"). Defendant filed a motion to dismiss Plaintiffs' complaint. (Doc. 2). In response, Plaintiffs filed an Amended Complaint. (Doc. 5). Defendant now moves for dismissal of the Amended Complaint. (Doc. 6).

## II. STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as

2

true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotations omitted). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Defendant makes two primary arguments in favor of dismissal. First, Defendant argues Plaintiffs' claims are "nothing more than a repackaged claim for benefits" and thus, Plaintiffs cannot obtain relief for their claims for breach of fiduciary duty under § 502(a)(3). Second, Defendant argues that the Amended Complaint must be dismissed because Plaintiffs fail to state a claim for denial benefits under § 502(a)(1)(B).

The Sixth Circuit has explained that § 502(a)(3) is a "catchall provision" identical to 29 U.S.C. §1132(a)(3), which allows for relief for breach of fiduciary duty and other violations where § 1132 does not provide an adequate remedy elsewhere. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065 (1996).

Relevant to this case, 29 U.S.C. § 1132 provides as follows:

3

    (a)    Persons empowered to bring a civil action

    A civil action may be brought—

        (1) by a participant or beneficiary

...

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan

...

        (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan....

29 U.S.C. § 1132. § 502(a)(1)(B), on the other hand, is properly brought when a plaintiff seeks a remedy for a denial of benefits. Following the guidance set forth in *Varity*, the Sixth Circuit has held that to prevail on a breach of fiduciary duty claim, Plaintiffs' injury must be separate and distinct from the failure to pay benefits under § 502(a)(1)(B). *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015). In *Rochow*, the Court dismissed the plaintiff's fiduciary duty claims because he had already "recovered all the benefits he had been wrongfully denied under § 502(a)(1)(B)" and thus, allowing him to recover under §502(a)(3) would result in impermissible duplicative recovery. *Id.* at 371. Defendant argues the facts in this case compel the same result. The Court disagrees.

In *Rochow*, the issue was a denial of long term disability benefits. The plaintiff filed a claim for long term disability benefits. Long term benefits were initially denied, finding that the plaintiff continued to work and was therefore not disabled until after his employment had ended. The district court disagreed, finding that plaintiff was improperly denied benefits, and granted him long term disability benefits under § 502(a)(1)(B). In *Wilkins*, the plaintiff likewise filed for

long term disability benefits, claiming he was disabled because of a tear in his rotator cuff. *Wilkins*, 150 F.3d at 614. While the Court reached a different conclusion as to whether the plaintiff was entitled to long term disability benefits in that case, the Court found that plaintiff's claim was properly brought under § 502(a)(1)(B), and not § 502(a)(3), because it was one for denial of benefits. *See id.* at 615.

Here, Plaintiffs are not simply arguing they were denied benefits they were entitled to recover. Rather, the Amended Complaint alleges their claims were timely and valid, but because Defendant failed to remit Employee and Employer Contributions to KBA, there were not sufficient funds to cover their claims. (Doc. 5, ¶ 3). They allege as a result of Defendant's actions, Plaintiffs effectively lost their health insurance coverage. (Id. at ¶ 17). In other words, Plaintiffs allege Defendant breached its fiduciary duty to remit Employee and Employer Contributions to KBA as required under the terms of the Plan. (Id. at ¶ 15). As a result, they seek injunctive relief, as well as benefits due. (Id. at ¶ 44-50).

Plaintiffs argue that the circumstances herein are akin those present in *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005). In *Hill*, the Sixth Circuit found a breach of fiduciary duty claim under § 502(a)(3) in a class action lawsuit stated a claim for relief because the plaintiffs' central claim was that the third-party administrator had violated the health insurance program's emergency-medical-treatment provisions. *Id.* at 714. They alleged the defendant's actions were contrary to the terms of the program. *Id.* at 716. The Court surmised that "an award of benefits to a particular [plaintiff] based on an improperly denied claim for emergency-medical-treatment expenses will not change the fact that [the defendant] is using an allegedly improper methodology for handling all of the Program's emergency-medical-treatment claims" *Id.* at 718.

Here, if Plaintiffs ultimately succeed, they would conceivably be entitled to recover the amount alleged owed in unpaid benefits. However, like in *Hill*, an award of benefits will not change the fact that Defendant is allegedly failing to remit Employee and Employer Contributions in violation of the terms of the Plan. If Defendant's alleged failure to remit continues, Plaintiffs will continue to effectively be without health insurance, as the Plan will not have sufficient funds to pay future claims. This is not simply a one-time claim for denial of individual benefits as Defendant argues. Although Plaintiffs, of course, want to be reimbursed for their alleged timely and valid medical claims, they seek class-wide injunctive relief to enjoin Defendant from continuing to violate the terms of the Plan.

Accordingly, when accepting Plaintiffs' allegations as true, and drawing all reasonable inferences in favor of Plaintiffs, Plaintiffs have stated a claim under § 502(a)(3). Having reached this conclusion, the Court need not address whether Plaintiffs have stated a claim under § 502(a)(1)(B).

## IV. CONCLUSION

Consistent with the foregoing, Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 6) is **DENIED**. Defendant's Motion to Dismiss (Doc. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

    s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court